Hale, J.
The case of The German American Savings Bank Company v. Louis J. Grossman comes here on error to the court of common pleas.
Grossman is the assignee of Isaac & Sons, a firm that was, prior to the 8th of February, 1896, doing business in this city; they were doing at least a portion of their banking business with the plaintiff in error, The German American Savings Bank Company.
On the 8th day of February, 1896, that firm made an assignment for the benefit of their creditors, at which time they had on deposit with The German American Savings Bank Company, subject to check, $148.54. The firm was indebted to the bank in-the sum of $1,500 on two promissory notes, one for $500 and the other for $1,000, not due at the time of the assignment. The assignee made demand upon the bank for the deposit which the firm had at the time. The bank refused to pay, claiming the right in equity to set *380 off and apply the deposit to the indebtedness which Isaac & Sons owed the bank.
The case was tried in the court of common pleas without the intervention of a jury, substantially upon an agreed statement of facts, resulting in a judgment for the defendant in error, and the question is whether a bank having -a deposit subject to check may apply and set off that deposit against the indebtedness of an insolvent debtor of the bank.
We think the case of Armstrong, Receiver, v. Warner et al., 49 Ohio St., 376, has a very decided bearing upon that question. In that case, Armstrong was receiver of the Fidelity National Bank, At the time that bank went into his hands, as receiver, Warner was indebted to the bank upon a claim not then due. Warner brought an action against the receiver to compel the application of his indebtedness to the bank, upon the indebtedness which he owed the bank; he undertook to make a set-off. The lower court sustained Warner in his contention — sustained the right of set-off under the circumstances named. The supreme court affirmed that holding, and Judge Williams, speaking for the court .upon that subject, says: .
“The remedy of set-off has been much enlarged in equity, -and is there administered in cases where, under ' the strict rules of law, it would not be available. Thus, at law a joint demand cannot be set off against a several one, nór a several demand against a joint one, but equity adopts a different rule where, on account of the insolvency of one of the parties, the other is in danger of losing his claim; and generally,equity will enforce the right of set-off by decreeing the compensation of mutual demands so far as they equal each other, where they have grown out of the same or connected transactions, or the one has formed in whole or in part, the consideration of the other and the party against whom the se-oft is asserted is insolvent.”
The case of The Nashville Trust Company v. Bank, 91 Tenn., 336, is directly in point, sustaining the contention of the bank.
W. H. Beavis, for Plaintiff in Error.
L, J. Grossman, for Defendant in Error.
The case of Thomas et al. v. The Bank, Lawyers’ Reports Annotated, 379, is also directly in point, sustaining the contention of the bank. It is from the Iowa Supreme Court.
There are many other cases giving support also to this contention, which I will not stop to cite.
It is, very generally held, however, that the insolvency of a debtor affords sufficient grounds for the application of the doctrine of equitable set-off. And we hold, under all the facts of this case, on the agreed statement of facts upon which the case was determined, that the equitable grounds for the allowance of the seLoff claimed by defendant below are present in the case under consideration, and that the set-off should have been allowed under the proof produced.
It follows, then, that the judgment of the court of common pleas should be reversed, and the case remanded for a new trial.